IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02127-CMA-CBS

ROBERT SCHWARTZ,
  Plaintiff,
v.

TIMOTHY CREANY, M.D.,
PAULA FRANTZ, M.D.,
KAREN MONTES-SANCHEZ,
MARY KAY CARTER, and
ARISTEDES ZAVARAS, Executive Director,
All Employees of the Colorado Department of Corrections, individually and in their
official capacities,
  Defendants.

────────────────────────────────────────────────────────────

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
────────────────────────────────────────────────────────────

Magistrate Judge Craig B. Shaffer

  This civil action comes before the court on Defendants' "Motion to Dismiss

Plaintiff's Amended Complaint (Doc. 32)" (filed August 17, 2010) (doc. # 41).  Pursuant

to the Order of Reference dated September 18, 2009 (doc. # 9), this matter was

referred to the Magistrate Judge.  The court has reviewed the Motion, Mr. Schwartz'

"Reply Brief" ("Response") (filed September 16, 2010) (doc. # 44), the pleadings, the

entire case file, and the applicable law and is sufficiently advised in the premises.


I.  Statement of the Case

  Plaintiff Mr. Schwartz is incarcerated at the Colorado Territorial Correctional

Facility ("CTCF") of the Colorado Department of Corrections ("CDOC").  Proceeding *pro

se*, Mr. Schwartz sues the Defendants pursuant to 42 U.S.C. § 1983, alleging three

1

claims related to his medical treatment at CTCF.  Mr. Schwartz sues Defendant Zavaras as the Executive Director of the Colorado Department of Corrections,  Defendant Frantz as the Chief Medical Officer of the Colorado Department of Corrections, Defendant Creany as a physician "in charge of the Fremont County Correctional Facility Medical Clinic, and Defendants Montes-Sanchez and Carter as  medial assistants who advised and treated him.  (*See* "Amended Complaint in a Single Document" (doc. # 32) at p. 1 of 7).

In Claim One, Mr. Schwartz alleges that he suffers from heart arrhythmia and vasovegal syncope syndrome.  (*See* doc. # 32 at p. 2 of 7).  Mr. Schwartz alleges that since his arrival at CTCF on April 17, 2008, he has received no complete physical examination and Defendants have failed to follow up on a heart attack/stroke which he suffered in June 2008 or on previous advice from other doctors who have examined him.  (*See id.* at pp. 3-4 of 7).  Mr. Schwartz alleges that he "has constant black out spells" and "is in immediate danger of serious bodily injury and death."  (*See id.* at p. 2 of 7).

In Claim Two, Mr. Schwartz alleges that has not received any medical care in response to his "kites" or "sick call requests."  (*See* doc. # 32 at p. 4 of 7).  Mr. Schwartz "believed that he had had a stroke/heart attack" in June 2008.  (*See id.*).  In Claim Three, Mr. Schwartz alleges that Defendants Frantz and Creany were aware of his "back fusion and other bone problems" but that they have not treated his problems. (*See* doc. # 32 at p. 5 of 7).  Mr. Schwartz claims that his back problems are made worse by the fact that his left leg is over one inch shorter than his right leg.  (*See id.*). Mr. Schwartz alleges that he is being denied prosthetic shoes prescribed for him by Dr.

2

Creany for this condition.  (*See id.* at pp. 5-6 of 7).

As relief, Mr. Schwartz seeks immediate treatment for his heart and back

conditions, including diagnosis of his purported heart attack in June 2008, x-rays,

specific medications, and prosthetic shoes.  (*See* doc. # 32 at p. 7 of 7).  Mr. Schwartz

also seeks monetary damages and costs.  (*See id.*).  Defendants Creany, Frantz, Carter

and Zavaras move to dismiss the "Amended Complaint in a Single Document" (doc. #

32) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on several grounds.[1]


II.     Standard of Review

> Rule 12(b)(1) empowers a court to dismiss a complaint for lack of
> jurisdiction over the subject matter.  Dismissal under Rule 12(b)(1) is not a
> judgment on the merits of a plaintiff's case, but only a determination that
> the court lacks authority to adjudicate the matter.  A court lacking
> jurisdiction must dismiss the cause at any stage of the proceeding in
> which it becomes apparent that jurisdiction is lacking.  A Rule 12(b)(1)
> motion to dismiss must be determined from the allegations of fact in the
> complaint, without regard to mere conclusory allegations of jurisdiction.
> The burden of establishing subject matter jurisdiction is on the party
> asserting jurisdiction.  Accordingly, Plaintiff in this case bears the burden
> of establishing that this court has jurisdiction to hear his claims.

*Stine v. Wiley*,  2008 WL 4277748 *3 (D. Colo. 2008) (internal quotation marks and

citations omitted).[2]

A court may also dismiss a complaint for "failure to state a claim upon which

relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), [d]ismissal is appropriate only if the complaint,

---

[1]     Defendant Montes-Sanchez has not been served in this civil action.  (*See*
doc. # 40).

[2]     A copy of this unpublished decision is attached to this Recommendation.

> viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face. A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> Although plaintiffs need not provide detailed factual allegations to survive a motion to dismiss, they must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Furthermore, conclusory allegations are not entitled to the assumption of truth.

*Masters v. Gilmore*, 663 F. Supp. 2d 1027, 1037 (D. Colo. 2009) (internal quotation marks and citations omitted).

The court must construe Mr. Schwartz' pleadings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

4

III.    Analysis

Section 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).

A.    Liability under § 1983 of Defendants in their Individual Capacities

Mr. Schwartz is suing Defendants in both their official and individual capacities. (*See* doc. # 32 at p. 1 of 7).   To the extent that Mr. Schwartz is suing Defendants in their individual capacities, individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.  *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted);  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted);  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").

A defendant may not be held liable merely because of his or her supervisory position.  *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).  Government officials

may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.   Escobar v. Reid*, 668 F. Supp. 2d 1260, 1290 (D. Colo. 2009) ("*respondeat superior* is not within the purview of § 1983").   "There is no concept of strict supervisor liability under § 1983."   *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006).   "Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."   *Id.*   There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise.   *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   *See also McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation).   A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation.   *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Other than the allegations that Defendant Zavaras is the Executive Director of the Colorado Department of Corrections and that Defendant Montes-Sanchez is a medical assistant who "advised and treated Plaintiff" (*see* doc. # 32 at p. 1 of 7), there are no allegations in the Amended Complaint as to any conduct by Defendants Zavaras or Montes-Sanchez.   Mr. Schwartz alleges no facts to support a claim against Defendants Zavaras or Montes-Sanchez.

Mr. Schwartz alleges that Defendant Frantz has never examined him and

6

challenges testimony she gave in *Montez v. Owens, et al.*, Civil Action No. 92-cv-00870-JLK-OES.  (*See id.* at pp. 3, 4, 6 of 7).  Mr. Schwartz' allegations fail to sufficiently allege an affirmative link between Dr. Frantz's actions and any constitutional violation alleged in his Amended Complaint.  Mr. Schwartz' allegation regarding Defendant Frantz' testimony in *Montez* does not provide an affirmative link between Mr. Schwartz' claims for inadequate medical treatment and Defendant Frantz' participation or failure to supervise.

Mr. Schwartz alleges in Claim Three that Defendant Creany was his attending physician at the Fremont Correctional Facility and that Defendant Creany prescribed his prosthetic shoes.  (*See* doc. # 32 at p. 5 of 7).  Mr. Schwartz does not allege any conduct by Defendant Creany related to the lack of treatment for Mr. Schwartz' medical conditions alleged in the Amended Complaint.

In Claim One Mr. Schwartz alleges that Defendant Carter was not aware that he was diagnosed with vasovegal syncope syndrome.  (*See* doc. # 32 at pp. 2-3 of 7).  In Claim Two, Mr. Schwartz alleges that in June of 2008, "Plaintiff believed that he had had a stroke/heart attack" and that in 2009 Defendant Carter informed him that his stroke/heart attack was probably a "T.I.A."  (*See id.* at p. 4 of 7).  These allegations do not support an inference of personal participation by Defendant Carter in any constitutional violation alleged in the Amended Complaint.

Mr. Schwartz has not adequately pled that any of the Defendants personally participated in the constitutional violations alleged in the Amended Complaint.  Mr. Schwartz' allegations do not support a claim that Defendants had any direct involvement in, personal participation in, or supervisory liability for the alleged violations

7

of his constitutional rights.  Mr. Schwartz' failure to allege or demonstrate the requisite personal participation leaves no basis for holding Defendants individually liable under § 1983.

Defendants raise the defense of qualified immunity to Mr. Schwartz' claims against them in their individual capacity.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

As the court concludes in this Recommendation that Mr. Schwartz has failed to demonstrate personal participation in the violation of a constitutional right by any of the Defendants, Defendants in their individual capacities are entitled to qualified immunity. *See Wilder*, 490 F .3d at 815 (instructing district court on remand to enter judgment in favor of defendant on basis of qualified immunity, where plaintiff failed to carry his burden to show violation of a constitutional right).

B.     Liability under § 1983 of Defendants in their Official Capacities

To the extent Mr. Schwartz sues Defendants in their official capacities under §

1983, he is actually attempting to impose liability on their employer, the State of

Colorado.  *See Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("[a] judgment

against a public servant in his official capacity imposes liability on the entity he

represents");  *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his or

her official capacity is treated as a suit against the state);  *Will v. Michigan Dept. of*

*State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office. As

such, it is no different from a suit against the State itself").

The Eleventh Amendment provides: "[t]he Judicial power of the United States

shall not be construed to extend to any suit in law or equity, commenced or prosecuted

against one of the United States by Citizens of another State, or by Citizens or Subjects

of any Foreign State." U.S. Const. amend. XI.  Absent considerations not present in this

case, the Eleventh Amendment forbids a suit for damages against a state in federal

court.  *Ambus v. Granite Board of Education*, 995 F.2d 992, 994 (10th Cir. 1993)

(citation omitted).  Thus, any claim for money damages brought against Defendants in

their official capacities under § 1983 is barred by the Eleventh Amendment.  *Edelman*,

415 U.S. at 663.  Mr. Schwartz' § 1983 claim for monetary damages against Defendants

in their official capacities is properly dismissed with prejudice pursuant to Fed. R. Civ. P.

12(b)(1) for lack of subject matter jurisdiction.

In addition to monetary damages, Mr. Schwartz seeks relief in the nature of

injunctive relief "for the Defendants and Colorado Department of Corrections to be

responsible and Plaintiff immediately treated for heart arrhythmia; vasovegal syncope syndrome; to ascertain and treat his poor circulation associated with the pain in his lower left leg; ascertain why Plaintiff has repeated episodes of lower chest/upper stomach pain, for which he has placed repeated requests for; ascertain whether in June 2008, Plaintiff had a heart attack or stroke, since he could not remember, which cell he was housed in; have Plaintiff's spine x-rayed and ascertain how such impacts, his inability to walk without pain; to return his Naproxen for back pain, and return his prosthetic shoes, which issue was not resolved, in Case 92CV870, EWN-OES, . . ." (*See* doc. # 32 at pp. 6-7 of 7).  Actions in federal court seeking injunctive relief against state officials are not always barred by the Eleventh Amendment.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official). *See also Will*, 491 U.S. at 71 n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. at 167 n. 14).  The court proceeds to evaluate whether Mr. Schwartz has stated a plausible claim against Defendants in their official capacities.

1.     Collateral Estoppel

In Claim Three, Mr. Schwartz alleges that he has not received "proper treatment for his back fusion and other bone problems, . . . for which Plaintiff was prescribed prosthetic shoes by Dr. Timothy Creany."  (*See* doc. # 32 at p. 5 of 7).  Mr. Schwartz

10

alleges that his back problems are "made worse [due] to Plaintiff's left leg being over one (1") inch shorter . . . ." (*See id.*). Mr. Schwartz challenges the testimony Defendant Frantz presented in *Montez v. Owens, et al.*, Civil Action No. 92-cv-00870-JLK-OES. (*See* doc. # 32 at p. 6 of 7). Mr. Schwartz alleges that he "needs [the prosthetic shoes] returned to him." (*See id.*). Defendants move to dismiss Claim Three on the ground that it is barred by the doctrine of collateral estoppel. Defendants argue that Claim Three asserts the same issues that Mr. Schwartz asserted in his damages claim in a class action, *Montez v. Owens, et al.*, Civil Action No. 92-cv-00870-JLK-OES.

On April 21, 2008, Mr. Schwartz attended a hearing before a Special Master in *Montez*. (*See* Final Order of Special Master, Exhibit 1 to Defendants' Motion (doc. # 41-1)). In *Montez*, Mr. Schwartz filed a claim for damages for alleged violations of the Americans with Disabilities Act and Rehabilitation Act pursuant to the Remedial Plan approved by Judge Nottingham on August 27, 2003. (*See id.*). Mr. Schwartz alleged that he was discriminated against because of a mobility disability that was caused by a low back fusion that he underwent sometime in the 1960's, the condition that his left leg is shorter than his right, and the denial of prosthetic shoes. (*See id.* at p. 4 of 9). The Special Master found that Mr. Schwartz was not mobility disabled and that he was not discriminated against due to any alleged disability. (*See id.* at pp. 4-7 of 9). The Special Master issued a final judgment on the merits after Mr. Schwartz had the opportunity to present evidence, call witnesses, and make argument. (*See id.* at pp. 2, 4-7 of 9). Mr. Schwartz filed an objection to the Final Order of Special Master, which was overruled by Judge Kane. (*See* Order, Exhibit 2 to Defendants' Motion (doc. # 41-2)). Mr. Schwartz also filed a Motion to Reconsider, which was denied by Judge Kane.

11

(*See* Order, Exhibit 3 to Defendants' Motion (doc. # 41-3)).

Collateral estoppel is "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 n. 1 (1985). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Where, as here, the prior judgment is a federal judgment where jurisdiction was based on a federal question, its collateral estoppel effect is governed by federal law. *See Strietmatter v. Proctor & Gamble Co.*, 657 F. Supp. 548, 549 (D.N.M. 1983) ("the force and effect of a judgment rendered in a federal district court upon an action pending in other federal district courts should properly be determined under federal law") (internal quotation marks and citation omitted).

In the Tenth Circuit, the federal standard of collateral estoppel bars relitigation of an issue if "(1) the issue previously decided is identical with the one presented with the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is involved was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000). Defendants have the burden of setting forth facts sufficient to satisfy the elements of collateral estoppel. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Applying the four-part test to Mr. Schwartz' third claim, the court determines that

Mr. Schwartz asserts the same issues regarding his low back fusion, his condition that his left leg is shorter than his right, and the denial of his prosthetic shoes that he asserted in his damages claim in *Montez*. (*See* doc. # 41-1 at p. 4 of 9).  Mr. Schwartz is the party against whom estoppel is asserted and was the party in the *Montez* hearing. A hearing on the merits of Mr. Schwartz's claim was held on April 21, 2008 in *Montez*, where Mr. Schwartz had a full and fair opportunity to litigate the issues of his low back fusion, the condition that his left leg is shorter than his right, and the denial of his prosthetic shoes. (*See* doc. # 41-1).[3]  The Special Master determined that the evidence failed to show Mr. Schwartz suffers from limited mobility due to back pain. (*See* doc. # 41-1).  To the extent that Mr. Schwartz' Claim Three is based upon his low back fusion, the condition that his left leg is shorter than his right, the denial of his prosthetic shoes, and challenges Defendant Frantz' testimony in the *Montez* case, it is properly precluded under the doctrine of collateral estoppel.

2.      Failure to State a Claim for Which Relief Can Be Granted

Mr. Schwartz alleges that he has not received adequate medical care since as long ago as 1993. (*See* doc. # 32 at p. 5 of 7).  Defendants argue that Mr. Schwartz fails to state a plausible claim for relief.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*,

---

[3]      Pursuant an Order issued by Judge Kane on September 29, 2009 in *Montez v. Owens, et al.*, 92-N-00870-JLK-OES, review of a Final Order of Special Master by Judge Kane for abuse of discretion is final and appeal to the Tenth Circuit is not permitted under the Remedial Plan.

511 U.S. 825, 832 (1994) (citation omitted).  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. CONST. Amend. VIII.  Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal quotation marks and citation omitted).

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective component and a subjective component."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension."  *Self*, 439 F.3d at 1230 (internal quotation marks and citation omitted).  Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297).  An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle*, 429 U.S. at 106.  To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable

14

measures to abate it.'" *Hunt*, 199 F.3d at 1224 (quoting *Farmer*, 511 U.S. at 847).  The

level required to make out a claim for deliberate indifference is "more blameworthy than

negligence," requiring "more than ordinary lack of due care for the prisoner's interests or

safety." *Farmer*, 511 U.S. at 835.  For a prison official to be found liable of deliberate

indifference under the Eighth Amendment, "the official must 'know[ ] of and disregard[ ]

an excessive risk to inmate health and safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of harm exists, and he

must draw the inference.'" *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809

(10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 837).

Even if the court assumes that Mr. Schwartz has alleged sufficient facts in his

Amended Complaint that he had a serious medical need regarding his heart and back

conditions, nonetheless Mr. Schwartz has not stated a plausible claim for relief.  Mr.

Schwartz does not allege more than his disagreement with the treatment and/or lack of

treatment he has received.  Mr. Schwartz submits his own personal diagnoses of his

medical conditions.  (*See, e.g.*, doc. # 32 at pp. 2, 4 of 7).  Mr. Schwartz alleges that

Defendants have not followed the recommendations of physicians who have previously

treated him and have not followed the proper course of treatment for his conditions.

(*See, e.g.*, doc. # 32 at pp. 3-5 of 7).  Whether a course of treatment is appropriate "is a

classic example of a matter for medical judgment," that is insufficient to sustain a claim

under the Eighth Amendment.  *Estelle*, 429 U.S. at 107 (noting that medical decision to

forego one form of treatment may be negligence but is not a constitutional violation).

*See also Perkins*, 165 F.3d at 811 (disagreement with medical personnel "does not give

rise to a claim for deliberate indifference to serious medical needs");  *Olson v. Stotts*, 9

F.3d 1475, 1477 (10th Cir. 1993) ("[a] difference of opinion does not support a claim of cruel and unusual punishment");  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation).  "A prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment."  *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).

To the extent that Mr. Schwartz alleges that the treatment he received was improper, such allegation does not rise beyond mere negligence. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (internal quotation marks and citation omitted).  *See also Self*, 439 F.3d at 1234 ("a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient . . . to satisfy the subjective component of a deliberate indifference claim.").

Mr. Schwartz has not alleged that Defendants acted with deliberate indifference. Mr. Schwartz' allegations do not support a claim that Defendants consciously disregarded any excessive risk to his health or safety.  Mr. Schwartz generally alleges numerous medical conditions from which he claims to suffer and that he has not been adequately treated.  Mr. Schwartz has not specifically alleged what Defendants did or failed to do with regard to his medical conditions.  Mr. Schwartz has not sufficiently alleged specific dates, circumstances, or conduct by the named Defendants. "[C]onclusory allegations are not sufficient to state a constitutional violation." *Jenkins v.*

16

*Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citation omitted).  Mr. Schwartz' allegations do not state a claim of "subjective recklessness" by Defendants.  *Farmer*, 511 U.S. at 839-40.  Mr. Schwartz' allegations are too vague and conclusory to state a claim for deliberate indifference to his medical treatment.

In sum, as Mr. Schwartz' allegations are not adequate to state a claim for a constitutional violation, the Amended Complaint is properly dismissed.

C.     Lack of Personal Jurisdiction over Defendant Montes-Sanchez

Mr. Schwartz is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* September 8, 2009 "Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. §1915" (doc. # 2)).  Pursuant to the September 18, 2009 "Order Granting Service by United States Marshal" (doc. # 7), a "2d Waiver of Service of Summons" was filed with the court on July 6, 2009, indicating that "[t]here is no evidence of a current or former DOC employee by name of Karen Montes-Sanchez, however there was a former CTCF clinical services employee named Brita Montes-Sanders . . ." and providing an address for her in the state of Washington. (*See* doc. # 37).  An attempt was made by the U.S. Marshal to serve Ms. Montes-Sanders in the state of Washington.  On August 6, 2010, a unexecuted return of service was filed with the court, indicating that "[s]hown address is to an apartment b[uilding], but no apartment numbers are provided . . . The property manager at the apartment complex confirmed that Brita Montes-Sanders is not a resident at that location." (*See* doc. # 40).  Based upon the information before the court, Defendant Montes-Sanchez cannot be served at the addresses on record with the court.  To date, Defendant

17

Montes-Sanchez has not filed with the Clerk of the Court a signed waiver of service or appeared in the case.

A court cannot obtain personal jurisdiction over a party without proper service of process.  *See Murphy Brothers, Inc., v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted);  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.  Effective service of process is therefore a prerequisite to proceeding further in a case.").  Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Defendant Montes-Sanchez was named as a Defendant in the Amended Complaint filed on June 22, 2010.  One hundred and forty days have passed since the filing of this civil action and the record before the court indicates that Defendant Montes-Sanchez has not been served with a summons and complaint in this

action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the court clerk have failed to perform their duties to serve Defendant Montes-Sanchez.  The court need not require the U.S. Marshal or the clerk of the court to search for or make any further attempts to serve Defendant Montes-Sanchez.  Sufficient time has been afforded and sufficient efforts have been made to serve Defendant Montes-Sanchez that this Defendant may properly be dismissed for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.  For this reason also, Defendant Montes-Sanchez is properly dismissed from this civil action.

Accordingly, IT IS RECOMMENDED that Defendants' "Motion to Dismiss Plaintiff's Amended Complaint (Doc. 32)" (filed August 17, 2010) (doc. # 41) be GRANTED and this civil action be dismissed.

DATED at Denver, Colorado this 12th day of November, 2010.

BY THE COURT:


 s/ Craig B. Shaffer
United States Magistrate Judge

19